IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO
_____

ANTHONY JARAMILLO,

       Plaintiff,

v.                                            Civil No. 04-853 WJ/ACT

STATE OF NEW MEXICO,
DEPARTMENT OF TRANSPORTATION,

       Defendant.

## MEMORANDUM OPINION AND ORDER ON
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## WITH REGARD TO PLAINTIFF'S CLAIMS IN COUNTS V AND VI

THIS MATTER comes before the Court pursuant to Defendant's Motion for Summary Judgment (Doc. 22). On September 26, 2005, the Court entered an Order (Doc. 31) directing Plaintiff to file a surreply with regard to the Motion for Summary Judgment as it related to Plaintiff's claims in Counts V and VI. On September 29, 2005, the Court entered a Memorandum Opinion and Order (Doc. 32) on the Motion for Summary Judgment in which the Court ruled on the motion but deferred ruling with regard to Counts V and VI. This Memorandum Opinion and Order is the final ruling of the Court on Defendant's Motion for Summary Judgment. The Court finds the motion well taken in part with respect to Plaintiff's contract related claims and is granted in part with respect to Plaintiff's claims in Counts V and VI but is otherwise denied. The facts relevant to this Memorandum Opinion and Order were recited fully in the Court's previous Memorandum Opinion and Order (Doc. 32) and will not be repeated herein.

**DISCUSSION**

Plaintiff brings claims for breach of contract and breach of the covenant of good faith and fair dealing under New Mexico state law.  Under New Mexico law, an employer's policy statements contained in a personnel manual, employee handbook or other form, may give rise to an implied employment contract if it controls the employee-employer relationship and the employee can reasonably expect the employer to conform to the policy.  <u>Garcia v. Middle Rio Grande Conservancy Dist.</u>, 918 P.2d 7, 10-11 (N.M. 1996); <u>New Mexico Regulation & Licensing Dep't</u>, 979 P.2d 744, 749 (N.M. App. 1999).  Whether an implied contract exists is a question of fact.  <u>Garcia</u>, 918 P.2d at 10.

A governmental entity is not immune from suit in actions based on valid written contracts. <u>Id.</u> at 9 (citing N.M. Stat. Ann. 1978 § 37-1-23(A)).  An implied employment contract that includes written terms set forth in a personnel manual, employee handbook or other form is a valid written contract for which governmental immunity is waived under the New Mexico Tort Claims Act.  <u>Garcia</u>, 918 P.2d at 11.

In Plaintiff's Breach of Contract claim in his Complaint, he alleges that Defendant represented to Plaintiff, verbally, in writing and by conduct that it would provide Plaintiff with a work environment free from discrimination, harassment and hostility.  <u>See</u> Complaint [Docket No. 1] ¶ 32.  Plaintiff also alleges that Defendant failed to adhere to its stated and written employment procedures with regard to Plaintiff.  <u>See Id.</u>  Plaintiff's Complaint does not refer to any specific written policies or employment procedures, and no written materials representing the contract underlying the contract claims were appended to the Complaint.  During his deposition, Plaintiff was unable to cite to any specific written documents in support of his breach of contract claim.

2

However, Plaintiff's First Request for Production requested that Defendant produce all procedures, guidelines, rules, regulations, policies, customs, contracts, standards or the like which were in effect at relevant times and related in any way to employees and personnel matters. In response to the request, Defendant produced the State Personnel Board Rules, the New Mexico Department of Transportation Administrative Directives and a Civil Rights Handbook.

Defendant's Motion for Summary Judgment argues that a generalized policy to provide employees with a workplace free from discrimination, harassment, hostility and retaliation is of a non-promissory nature and cannot serve as the basis for a contract claim. Defendant also argues that Plaintiff's Breach of Contract claim must fail because Plaintiff's Complaint failed to allege any specific provisions of a contract or identify the source of any contractual rights, and Plaintiff was unable at his deposition to identify any specific document that formed the basis of a contract claim. Defendant deduces from these facts that Plaintiff lacks any writing to support his contract claims. Because Defendant is an arm of the State of New Mexico and has immunity from contract claims unless based on a written contract, Defendant argues that Plaintiff's lack of evidence of a written contract entitles Defendant to summary judgment on the contract claims. Finally, Defendant urges that Plaintiff's claim for breach of the covenant of good faith and fair dealing must fail because such a claim requires an underlying contract, and Plaintiff has failed to provide any evidence of an underlying contract.

A.    <u>Plaintiff's Breach of Contract Claim Based on Alleged Representations by Defendant that it Would Provide a Work Environment Free From Discrimination, Harassment and Hostility.</u>

While an employer's policies can constitute an implied contract of employment, such policies must contain specific contractual terms which might evidence the intent to form a

contract.  Sanchez v. The New Mexican, 738 P.2d 1321, 1324 (N.M. 1987).  Language of a non-promissory nature that is merely a declaration of an employer's general approach cannot form the basis of a contract claim.  Id.  Policy statements that an employer is an equal opportunity employer do not create an implied contract not to discriminate.  See Steiber v. Journal Publishing Co., 901 P.2d 201, 205 (N.M. App. 1995).

Plaintiff's Response did not address Defendant's argument that generalized representations that a work place will be free from discrimination cannot form the basis of a contract claim.  Plaintiff's exhibits do not include any written policy language in any form related to a work environment free from discrimination.  In light of the above law, Plaintiff has failed to show a valid written implied contract to provide a work environment free from discrimination, harassment and hostility.  Accordingly, Defendants are entitled to summary judgment on Plaintiff's Breach of Contract claim to the extent it alleges there was such an implied contract and that such contract was breached.

B.      Plaintiff's Breach of Contract Claim Based on Various Documents

Plaintiff's Response to the Motion for Summary Judgment attaches a DOT Administrative Directive on Selection of Supervisors and Managers for Vacant Positions and provisions of the State Personnel Code on Involuntary Separation found at N.M. Admin. Code tit. 1, § 7.10.13. Plaintiff's response argues that specific provisions in these documents form a valid written implied contract and that Defendant breached the implied contract when it failed to follow these provisions with regard to Plaintiff.

Defendant's Reply contends that Plaintiff has raised these issues for the first time in his Response.  Defendant also argues that Plaintiff could not have relied on these provisions during

4

his employment because he did not mention these documents in his Complaint or during his deposition, and thus the provisions could not have been the basis of an implied contract between Plaintiff and Defendant.  Defendant also urges that these provisions are not sufficiently specific and promissory to form an implied contract.  Finally, Defendant argues that Plaintiff has no evidence that Defendant breached these provisions.

Plaintiff filed a surreply in response to this Court's Order arguing that particular language in the DOT Administrative Directive and provisions of the State Personnel Code on Involuntary Separation give rise to an implied contract.  While he did not cite to specific documents in his Complaint are during his deposition, Plaintiff's Complaint clearly alleges that Defendant breached an employment contract by failing to adhere to its written employment procedures.  Even if Plaintiff had raised new theories or claims in its Response, the Court would consider these as requests to amend the Complaint pursuant to Fed. R. Civ. P. 15.  See Viernow v. Euripides Development Corp., 157 F.3d 785, 790 n. 9 (10th Cir. 1998).  Because Plaintiff alleged in his Complaint that Defendant failed to follow certain of its own employment procedures, and Plaintiff now seeks to specify those procedures obtained from the Defendant during discovery, such an amendment will not prejudice the Defendant as it was on notice of the claim and provided the documents that are now specified as the basis for the claim.  Accordingly, Plaintiff's failure to specify these documents prior to filing his Response to Defendant's Motion for Summary Judgment does not preclude the Court from considering these documents in evaluating Plaintiff's Breach of Contract claim.

Defendants' arguments that (1) Plaintiff could not have relied on these provisions during his employment and thus these provisions cannot have been the basis of an implied contract; (2)

these provisions do not form an implied contract; and (3) Plaintiff has no evidence that Defendant failed to follow the provisions are raised for the first time in Defendant's Reply.  Because these arguments were not made in Defendant's Motion for Summary Judgment, Plaintiff had no burden to come forward with argument on or evidence of reliance, the formation of an implied contract, or Defendant's failure to adhere to the provisions.  In any event, it is not clear under New Mexico law whether reliance is required in the context of an employment contract.  See McGinnis v. Honeywell, Inc., 791 P.2d 452, 457 (N.M. 1990) (noting that the elements of an implied employment contract do not include reliance in Arizona and California, but stating that it was not necessary to decide the extent to which formal requisites of contract formation should be relaxed in the employment context in New Mexico).  Furthermore, whether specific written language gives rise to an implied contract is a question of fact so is not appropriately decided at the summary judgment stage in this case.  See Garcia, 918 P.2d at 10.  Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's breach of contract claim is denied to the extent Plaintiff's claim is based on Defendant's alleged failure to adhere to specific written employment procedures.

C.     Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

New Mexico recognizes a cause of action for breach of the implied covenant of good faith and fair dealing, and every contract imposes on the parties a duty of good faith and fair dealing in the performance and enforcement of the contract.  Bourgeous v. Horizon Healthcare Corp., 872 P.2d 852, 857 (N.M. 1994).  A claim for breach of the implied covenant of good faith and fair dealing requires the existence of an underlying contract.

Defendant's only argument in its Motion for Summary Judgment with regard to this claim is that Plaintiff's failure to provide evidence of an underlying contract precludes a claim for breach of the implied covenant of good faith and fair dealing.  As noted above, Plaintiff has provided sufficient evidence of an implied contract to withstand summary judgment.  Accordingly, Defendant's motion for summary judgment on the claim for breach of the implied covenant of good faith and fair dealing is denied.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is GRANTED to the extent Plaintiff's breach of contract claim is based on a theory that Defendant breached a contractual provision to provide a work environment free from discrimination, harassment and hostility.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is otherwise DENIED with respect to Plaintiff's claims in Counts V and VI.

UNITED STATES DISTRICT JUDGE